## BRIDGEWATER IRON COMPANY *vs.* ENTERPRISE INSURANCE COMPANY.

Suffolk.   Jan. 17. — March 5, 1883.   FIELD & W. ALLEN, JJ., absent.

The fact that, at the time of making a contract of insurance, by an agent of the insured with an agent of an insurance company, a prior insurance by the same company existed on the same property, which was a material fact, and which was not known to either contracting party, will not avoid the contract, although the contract would not have been made if the existence of such prior insurance had been known at the time.

If, at the time of making a verbal application for insurance, the applicant produces a list of the existing insurance on the property sought to be insured, and states his honest belief that it is correct, and the insurance company has the means of verifying the statement, but fails to do so, and the list proves to be incorrect, this is not a misrepresentation of fact which will avoid a policy subsequently issued, containing an express warranty that all the facts and circumstances have been truly stated in the application, and a condition that, "if any material fact or circumstance shall not have been fairly represented," the policy shall be null and void.

CONTRACT upon a policy of insurance against loss by fire, issued by the defendant company, dated April 3, 1880, for the term of one year, upon certain property of the plaintiff in Bridgewater, which was totally destroyed by fire on April 4, 1880. Trial in the Superior Court, before *Aldrich*, J., who reported the case for the determination of this court, in substance as follows:

An insurance broker residing in New Bedford, who had for some years acted as the agent of the plaintiff corporation in placing all its insurance, and who in that capacity was well known to the defendant's agents in Boston, applied to them, on April 3, 1880, for immediate insurance on property described in the policy declared upon, to the amount of about $18,000.

The defendant's agents were also agents for several other companies, some of which had already issued policies upon the plaintiff's property in Bridgewater up to a certain limit of the authority of these agents.

In the course of negotiations, the amount of risk already incurred by the companies represented by the defendant's agents was a subject of discussion, and was a material fact influencing the negotiation. The agent of the plaintiff exhibited a printed list, which he stated he believed was a correct list of the existing insurance on the plaintiff's property at Bridgewater; subsequently, the plaintiff's agent discovered that, by accident, he had taken the wrong list from his office in New Bedford. It contained the names of the companies, and the respective amounts of the existing policies upon said property. The name of the defendant company did not appear in this list.

The defendant's agents, relying upon this statement, and without referring to their own books and records, from which in a search of ten or fifteen minutes they could have ascertained whether said list was correct, made a verbal contract with the plaintiff's agent, by which the defendant corporation was then and there bound to insure the same property, in the same amounts, and on the same terms, as afterwards appeared in the policy subsequently issued on April 7, 1880, and declared upon in this action, until a policy could be conveniently issued.

In fact, the defendant company had then a policy upon the plaintiff's property at Bridgewater for $7,225, and the policy in part covered a portion of the same property insured by the policy declared upon.

Neither the verbal contract would have been made, nor the second policy issued, if the existence of the prior policy had been discovered at the time of making the contract, or at the time of issuing the policy. The defendant's agents discovered this fact in an attempt to adjust the loss on April 12, 1880, and immediately demanded the return of the second policy.

The agents of each party kept records, from which correct information could be obtained, by examination, of the amount of insurance in each company represented by the defendant's agents; and the error in the statement by the plaintiff's agent. was wholly unintentional.

The policy declared upon contained the following clause: " And the insured hereby covenants and engages, that the representation given in the application for this insurance contains a just, full and true exposition of all the facts and circumstances in regard to the condition, situation, value and risk of the property insured, so far as the same are known to the assured and material to the risk; and that if any material fact or circumstance shall not have been fairly represented, or if the assured shall have made or shall hereafter make any other insurance upon the said property, without the consent in writing by said company; . . . . in every such case the risk thereupon shall cease and determine, and the policy be null and void, unless confirmed by a new agreement thereupon written, after a full knowledge of such facts and circumstances."

No new agreement was made, but it was agreed that all the formal proofs required by the policy were seasonably presented; and the sole question was whether, under the statement made as herein set forth, any contract was made by which the defendant was bound or liable to the plaintiff.

Upon the above facts, the judge directed a verdict for the defendant. If the plaintiff was entitled to recover, it was agreed that the damages should be assessed in the sum of $1100, with interest from the date of the writ; otherwise, judgment for the defendant.

*C. A. Welch,* for the plaintiff.

*A. Russ,* for the defendant.

DEVENS, J.   It is an elementary principle of the law of contracts, that the minds of the two parties assuming to contract must agree, in case of a sale, as to the subject matter of it.   If one agrees to buy and the other to sell a tract of land, the cargo of a particular ship, a horse or other chattel, reference being had by them to different objects or animals, no contract is concluded.   *Spurr* v. *Benedict,* 99 Mass. 463.   *Kyle* v. *Kavanagh,* 103. Mass. 356.   *Harvey* v. *Harris,* 112 Mass. 32.   Similarly, where that which is the subject of the sale has at the time no existence, although both buyer and seller are ignorant of this fact, it is held that the proposed contract has nothing to operate upon.   *Strickland* v. *Turner,* 7 Exch. 208.

The defendant invokes these principles, and contends that, as there was a mutual mistake and misunderstanding as to the existence of a former insurance, which was a material fact, the agreement is to be treated as void; that it is in effect the same as if the parties had made an agreement expressly conditional upon a supposed state of facts which did not exist.   But even if an agreement would not have been made except for the supposed existence of certain facts, it is not treated as void when they are found to be non-existent, unless it has been made dependent upon them, or from its very nature must have been so.   If parties deal with each other as to a horse, in the mutual belief that he is sound, the contract is not avoided when he is found otherwise, and this even if it should be proved that, but for this belief, the purchaser would not have bought him.   There was no mistake as to the subject of the sale, although there was as to some of its attributes, and the parties had bought and sold that which they intended.   If a bar of metal were bought and sold, both parties believing it to be gold, the sale might be avoided if it were not gold, as it would be obvious that a sale of that metal was what was intended.   But if there were a sale of a specific vessel, as a vase, both parties believing it to be gold when it was not, or believing it to be the workmanship of some celebrated artist when it was otherwise, the sale could not be avoided, as the vase itself would be the subject which was presented to the minds of the parties.   . The parties rely

upon their own information, belief or views, and enter upon the contract taking the risk whether these shall prove correct or otherwise.

In the present case, the subject matter of the transaction, which was the plaintiff's property, was fully understood, as well as the contract of insurance which was made in relation thereto. Even if the parties respectively believed that there was at the time no insurance upon it in the defendant company, there was nothing in the nature of the contract which made its validity dependent on the correctness of this belief. They did not see fit to make a contract of insurance conditional upon this. Such was the case in *Wilson* v. *Queens Ins. Co.* 5 Fed. Rep. 674, which is relied on by the defendant, where the policy as issued was to be void in case of the existence of other insurance not disclosed.

Nor can the defendant resist the payment of the policy upon the ground that it has been induced to make it by reason of a misrepresentation of the plaintiff. The agent of the plaintiff produced a list of the existing insurance on this property, in which the name of the defendant company did not appear, and in this respect the list was incorrect. He stated only his belief that it was correct, which belief was honestly entertained by him, and the defendant had ready and ample means of ascertaining whether there was any error. Had the plaintiff's agent positively asserted the correctness of the list shown by him, it may have been that any further inquiry of the defendant company would have been dispensed with. Even if the means of verifying the statement of the plaintiff were in its power, it would have had a right to rely upon this distinct assertion. But the language used was in effect a declination to assert that there was no other insurance on the property, and an invitation to the defendant to make further inquiries. It was on the part of the agent a refusal to state that there was no other insurance, by limiting himself carefully to the expression of his own belief.

The defendant calls our attention to the facts, that the action is not on the verbal contract, and that the declaration is on the policy of insurance. The policy contains an express warranty that all the facts and circumstances have been truly stated in

the application for insurance; and it is also made an express condition of the policy, that, "if any material fact or circumstance shall not have been fairly represented, the risk shall cease and determine, and the policy be null and void." There was no written application such as was apparently here contemplated, and expressions of opinion and belief, made in good faith, as to matters material to the risk, are not to be taken as misrepresentations of fact. *National Bank* v. *Insurance Co.* 95 U. S. 673. *Wood* v. *Firemen's Ins. Co.* 126 Mass. 316. Misrepresentation is the statement of something as a fact which is untrue, and which the assured states knowing it to be untrue, or without knowing it to be true, which has a tendency to mislead as to a matter material to the risk. *Daniels* v. *Hudson River Ins. Co.* 12 Cush. 416, 425. If the insurance company is content with expressions of belief, if they are honestly made, it has no right to complain that facts or circumstances have not been fairly represented. Especially must this be so, when the means of correcting any error are in its own power, and it fails to avail itself of them.

*Judgment for the plaintiff.*