## BURKE *et al.* *v.* NIAGARA FIRE INS. CO.

*(Supreme Court, General Term, Third Department.* November 26, 1890.)

1. INSURANCE—ERROR IN POLICY—EVIDENCE OF TITLE.

After the death of F., owning real estate which he, with his wife, had mortgaged, and after the mortgage had been assigned to B., defendant insured a building on the premises against fire, in the name of F., loss payable to B. as mortgagee. After the building was burnt, F.'s executors assigned to B. all their interest in the policy, and B. brought suit thereon. F.'s widow came into the action as plaintiff, on allegations that B. had assigned to her the bond and mortgage as collateral security for a loan of money by her, and that an agent of defendant and B. had purloined the policy and the bond and mortgage and assignment to her thereof. These allegations defendant denied and set up a release from B. *Held,* that evidence of F.'s title to the premises, his death, the probate of his will, which showed title in his widow, subject to the mortgage, and the granting of letters testamentary to her and another, was properly admitted, where the policy was in the handwriting of defendant's general agent, who knew when it was issued that F. was dead.

2. SAME—REFORMATION OF POLICY.

It was not necessary to enable the mortgagee to recover that the policy should be reformed, and under the pleadings the widow succeeded to the rights of the mortgagee.

**3. SAME—ACTION ON POLICY—EVIDENCE.**

An agent of defendant, with knowledge that plaintiff claimed to be the assignee of the bond and mortgage pursuant to an agreement with B. for an assignment or release, by the latter, of the claim against defendant for the loss, obtained possession of the bond and mortgage and assignment thereof, and the policy, without the knowledge of the person in whose custody they were, and thereupon the release and other papers previously prepared in the office of defendant were executed, and defendant set up such release as a defense in the action on the policy. *Held* that, having thereby ratified the acts of its agent, his acts and declarations were admissible against defendant to show how the assignment to plaintiff became lost.

**4. SAME—CONDITIONS—OTHER INSURANCE.**

The policy contained a provision that it should become void if the assured should obtain any other insurance on the property, unless the consent in writing of the insurance company was indorsed thereon. *Held*, that the subsequent obtaining, by a devisee of the mortgagor who took subject to the mortgage, of insurance upon her interest in the property, did not violate this condition.

Appeal from circuit court, Ulster county.

Action by James F. Burke against the Niagara Fire Insurance Company on a policy of insurance. Mary Fisher, the widow of John Fisher, and devisee under his will of the insured premises, was made a party plaintiff by supplemental summons and complaint. From a judgment for said plaintiff, Mary Fisher entered on a verdict in her favor, and from an order denying a motion for a new trial, defendant appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*De Forest & Weeks,* (*F. L. Westbrook,* of counsel,) for appellant. *John E. Van Etten,* (*D. M. De Witt,* of counsel,) for respondent.

MAYHAM, J. This case shows that in 1876 John Fisher and Mary, his wife, mortgaged to Brown and Humphrey real estate in Ulster county for $700; that in 1882, the mortgagees assigned the mortgage to James F. Burke; that September 1, 1884, the defendants insured the house on the mortgaged premises for $600, loss payable to Burke as mortgagee. On the 6th of July, 1885, a policy was issued on the same property to Mary Fisher, for $1,800 in the Greenwich Insurance Company, loss, if any, payable to James Burke, as his interest may appear. On the 17th of July, 1885, the insured building was destroyed by fire. About July 21, 1885, Burke filed proof of loss. About the 25th of September, 1885, Mary Fisher and J. F. Burke filed proof of loss, in which reference is made to the proofs filed July 21st, both of which proofs the defendant received and retained. John Fisher, one of the mortgagors, died February 1, 1880. The insurance policy ran in the name of John Fisher, and, at the time of the execution of the mortgage, the title to the property mortgaged was in him. Letters testamentary were issued on his will to Mary Fisher and Thomas Grant. Before the commencement of this action, they, as executors, assigned all their interest in this policy to this plaintiff James F. Burke, in whose name this action was originally commenced, the complaint in which was served January 19, 1886, to which the defendant answered, alleging various violations of the terms of the policy. On the 15th of May, 1886, defendant moved this court at special term for leave to serve a supplemental answer, which motion was granted upon condition that the plaintiff Mary Fisher might come in as a party plaintiff, and serve a supplemental complaint. Thereupon Mary Fisher served a supplemental complaint, alleging that in the month of October, 1885, she loaned to James F. Burke the sum of $600, and, as collateral security for such loan, Burke executed and delivered to her an assignment of the bond and mortgage given by her husband and her to Burke, subject to a lien of John E. Van Etten as Burke's attorney, for $355. The complaint further stated that on the 31st of March, 1886, the defendant's agent and Burke purloined the policy of insurance, the bond and mortgage, and the assignment of the same from Burke to her. The supplemental answer denied these allegations, and

set up that, after the commencement of the action, the plaintiff James F. Burke had released to the defendant all the claims and demands set forth in the complaint. On the trial at the Ulster circuit, the jury rendered a verdict for the plaintiff for $711, on which judgment was entered, from which, and from the order denying a motion for a new trial on the minutes, this appeal is taken.

The recovery in the judgment is in the name of Mary Fisher. We see no error on the trial in the receipt of the proof of original title to these premises in John Fisher, his death, the probate of his will, and the granting of letters of administration to Mary Fisher and Thomas Grant. The complications in which this case was involved as well after as before the commencement of this action, made the evidence competent as throwing some light upon the whole transactions involved in the issues in this action, and we do not see how the defendant was improperly affected by the introduction of this evidence in any of its legal rights, especially as the evidence discloses that, at the time the policy was issued, the general agent of the defendant knew that John Fisher was dead, and made the policy in his own handwriting to John Fisher, and the policy upon its face purported to be given to secure Burke's mortgage interest in the premises of which Fisher died seised.

The objection was also taken to the introduction of the policy in evidence on the ground that upon the face of the policy the plaintiff Mary Fisher had no apparent interest in it, and that, as the action was joint on behalf of her and Burke, and as there was no claim in the complaint to reform the policy on the ground of mistake, no recovery by her was proper, and the policy was inadmissible as evidence. We do not see that this offered evidence, and the objection to it, was conclusive upon the question as to the right of Mary Fisher to recover in this action. The will of John Fisher showed the title in his widow, subject to the mortgage. The defendant's agent knew of her husband's death, and, as the policy was written by him, the mistake in the name of the owner, if mistake it was, was his mistake, and not the mistake of the plaintiff; and, as the policy was payable to the mortgagee, it was not necessary that this mistake or misdescription should be corrected to entitle the mortgagee to recover, and Mrs. Fisher contended that as assignee she took the rights of the mortgagee.

Under the circumstances of this case, even if the policy required the owner of the property to be correctly stated, that condition was waived by the company, by writing a policy by its authorized agent, with the knowledge of the fact that Fisher was dead, in not naming Mrs. Fisher or the estate of John Fisher, deceased, as owner. In *De Wolf* v. *Insurance Co.*, 16 Hun, 116, the policy insured Van Tuyl & Co., as interest may appear, to the amount of $2,500 on two houses. The houses stood on leased ground, the lease being then owned by Gilbert, etc., who had given Van Tuyl a mortgage. An action on the policy was defended on the ground of an alleged breach of a condition, requiring that, when one procures a policy otherwise than as sole owner, that fact should be stated; and of a further condition requiring that, when the building stood on leased ground, it should be so stated. Held, that by the words "as interest may appear" the company insured Van Tuyl & Co., and any insurable interest which they might have in the property, and waived the condition requiring a specific statement of such interest in the policy. Applying that rule to this case, Burke, as assignee of the mortgage given by John and Mary Fisher, had an insurable interest, and when by the policy the defendants made the insurance in case of loss payable to him as mortgagee, they insured that mortgaged interest, and waived the condition in the policy upon which defendant now relies to escape liability. The company had, with knowledge of the facts, adopted that form and received premiums on the same, and could not now be heard to object that the wrong person was named as owner of the premises. See, also, *Clinton* v. *Insurance*

*Co.,* 45 N. Y. 454; *Savage* v. *Insurance Co.,* 52 N. Y. 502; *Pechner* v. *Insurance Co.,* 65 N. Y. 208; *Richmond* v. *Insurance Co.,* 79 N. Y. 230.

On the trial, the plaintiff Mary Fisher sought to prove the assignment of the mortgage from Burke to Mrs. Fisher by Van Etten, in whose custody it was claimed to have been, and from whom plaintiff claimed defendant's agent, in complicity with Burke, had wrongfully taken it. Defendant objected to the testimony offered, and particularly to evidence of acts and declarations of a Mr. Selvage, defendant's adjusting agent, for the purpose of showing how the assignment became lost. This evidence was received under objection by defendant. We think it was properly received, as it abundantly appears from the case that the defendant to the fullest extent recognized the authority of Selvage in the premises. The undisputed evidence of Selvage is that he knew that Mary Fisher claimed to be the owner or assignee of Burke of this mortgage; that, with that knowledge, he negotiated on behalf of the defendant with Burke for a release or assignment to the defendant of this claim. These negotiations were in the office of the defendant in New York, and it was there agreed that, if Selvage could get possession of the papers connected with the case,—the bond and mortgage, the assignment of the same, and the insurance policy,—Burke would, for a consideration, assign them to the defendant, and release the cause of action in this case; and that papers were prepared in the principal office of the company, for the purpose of carrying out that agreement. That in pursuance of that understanding, Selvage called on Van Etten, in whose custody the papers were, and, upon some suggestion that he desired to effect a compromise of the case with Mrs. Fisher, got them in his possession, and, without the knowledge or consent of Van Etten, and against his will, carried them away. Whatever might be justly said in criticism of this conduct of Selvage, it, in itself, would not establish a general authority in him as agent to bind the company by his declarations or acts, but for the subsequent conduct of the defendant in fully ratifying his acts upon this subject in setting up the transaction with approval as a defense in the supplemental answer, interposed by permission of the court. We think it does not lie with defendant, after in such unequivocal terms adopting this act, and availing itself of its fruits, to assert that it was unauthorized. It is true that there is no positive evidence of any precedent authority from the defendant to Selvage to perform this act, but a subsequent ratification by the company binds it quite as effectually as if a precedent authority were proved. This conclusion is in no way in conflict with *Weed* v. *Insurance Co.,* 116 N. Y. 114;[1] *Lohnes* v. *Insurance Co.,* 121 Mass. 439; and *Bush* v. *Insurance Co.,* 63 N. Y. 531,—cited by the learned counsel for the defendant. The assignment by Burke to Mrs. Fisher, being proved out of the plaintiff's possession, without her fault, and beyond her control, we think proper foundation for parol evidence of its contents was laid, and that it was not error to allow Van Etten to give evidence of its contents. Nor do we think it was error, under the circumstances, to allow Van Etten to state why he did not refer to the assignment from Burke to Mrs. Fisher in his letter to the company, informing it of Selvage's unauthorized taking of the papers from his office. The defendant had examined him upon that subject to such an extent that an examination of that omission was proper. It was competent for the plaintiff to prove the value of his building, as the evidence shows it was a total loss, and the objections to that proof were properly overruled.

The remaining question to be considered is, was this policy vitiated by the issuance of a policy to Mary Fisher on the 6th of July, 1885, on the property covered by the policy in question? On that day, the Greenwich Insurance Company, by its policy, agreed to indemnify Mary Fisher against loss and damage by fire, to an amount not exceeding $1,800 on the same property,

[1] 22 N. E. Rep. 229.

loss, if any, payable to James Burke as his interest may appear. The loss on this policy was, on the 6th of October, 1885, adjusted and paid at the sum of $750, and the policy canceled and surrendered on that day. The first policy was taken by Burke, on his insurable interest as mortgagee. Such an interest is insurable. Wood, Ins. § 297, and cases there cited. The second policy was taken by Mary Fisher, who, at the time of taking the same, seemed to be owner as devisee of the property, subject to the mortgage of which Burke was assignee. The first policy, which is the one in suit, provides as follows: "This policy shall become void, unless consent in writing is indorsed by the company hereon, in each of the following instances." Then follow six different cases of forfeiture, the second of which reads as follows: "If the assured have, or shall hereafter obtain, any other policy or agreement for insurance, whether valid or not, on the property above mentioned, or any part thereof." The defendant insists that this clause was violated by the policy of the Greenwich Company procured by Mrs. Fisher, and was therefore rendered void. The plaintiffs contend that, even if it be assumed that the second insurance might have worked a forfeiture of the first, that was waived by the defendant's agent, who swears he was authorized by the company to issue policies, collect premiums, and everything else, and who told Mrs. Fisher that he would let her know if he canceled the policy; while the agent swears that he told her that the policy was canceled. It is not claimed that the policy was in fact canceled physically by any indorsement of the agent, or that the company by any affirmative act canceled the same. The disputed question of fact as to whether Mrs. Fisher was to have notice of the cancellation of the policy, as she claims was agreed by the agent, or whether he then and there notified her that it was canceled, was, we think, properly left to the jury by the learned judge, if that was a material fact in the case.

It is not contended that this policy was void ab initio. If avoidable, it became so by the violation by the assured of a condition subsequent. Such a forfeiture might or might not be enforced by the company. The violation of the condition did not, ipso facto, extinguish the policy. If, therefore, the jury were authorized to find from the evidence that the defendant agreed to notify Mrs. Fisher, if it elected to insist upon a forfeiture or cancellation of the policy, as she claims, and no such notice was ever given, the jury would be authorized to hold, as we must assume they did, that she understood that they would not insist upon the second policy as a violation of the conditions of the first. In Landers v. Insurance Co., 86 N. Y. 414, which was a case of subsequent insurance, the court says: "The prior policy was valid when issued, but was available by the company issuing it for a breach of condition subsequent. But this company had elected to avoid it for that reason. It was not certain that it would have so elected, if the facts had been known to it. In some cases it might be very inequitable for a company to take advantage of a breach of condition as to vacancy, or increase of risk, to avoid a policy, originally valid, although the legal right so to do might be unquestionable. It certainly would be competent for the company to waive such an objection. The first policy was voidable only at the election of the company. The condition was inserted for its benefit, but its violation did not, ipso facto, extinguish the policy. The condition of the defendant's policy was to protect it from overinsurance." Applying this rule to the case at bar, it would seem to follow that if the jury, as they might, found a waiver or failure or neglect to enforce this condition from which a waiver might be found, they might find for the plaintiff. But there is another ground we think upon which, upon this point, the verdict should be upheld, and that is that the policy issued to Mrs. Fisher was not additional insurance, within the terms of the first policy, upon second or subsequent insurance. We think Burke had an insurable interest in his mortgage, (Wood, Ins. § 297, supra,) and that Mrs. Fisher had also an insurable interest as owner, or devisee under the will of

her husband. Id. § 265. Mrs. Fisher was not the assured in the first policy, and had no interest in that policy at the time of taking out her policy. Her interest in this policy did not attach until she became assignee of the mortgage from Burke, which was October, 1885. We think the evidence sufficient to uphold the verdict of the jury that Mrs. Fisher was the owner of the interest in or claim on this policy against the company, and there. was no error committed on the trial for which the judgment should be reversed.

Judgment affirmed, with costs. All concur in result.