## KIMO PAKE *vs.* NORTH GERMAN FIRE INSURANCE COMPANY.

### DEMURRER. BEFORE JUDD, C.J.

DECISION RENDERED DECEMBER 15, 1891. NOT HITHERTO REPORTED.

An insurance policy contained a stipulation that it should be void if the assured should have any other insurance on the insured property without the consent of the company, written on the policy. There was such other insurance (taken out by the assured's agent) and no such consent. But the applicant, in answer to a question as to prior insurance, had referred the company to his agent, he himself not knowing what insurance might have been taken out by his agent.

Held, that the company had notice that there might be other insurance, and, if it issued the policy without making inquiry of the agent, it is estopped to set up the stipulation as a defense.

The word "void" is to be construed as if it read "voidable" in stipulations avoiding insurance policies.

### Decision of Judd, C.J.

On the 3d June, 1891, the defendant issued a policy of fire insurance for $3000 to the plaintiff, running for one year. The property was destroyed by fire on the 6th June. The plaintiff had previously taken out policies in the Royal Insurance Company and the Union Insurance Company of New Zealand for $2000 each. The policy issued by defendant contained the usual clause that it should be void "if the assured shall have or shall hereafter make any other insurance on the property hereby insured, or any part thereof, without the consent of the company written hereon." The consent of the company to the prior insurance is not written on the policy.

The bill avers that this was not done, "although the company, the defendant herein, well knew that said insurance existed, or could have ascertained that such insurance existed, and if it did not ascertain ought not to be admitted to plead that such consent was not written thereon as a defense to this bill, because of its neglect to so ascertain the existence of such insurance, for that the plaintiff in his verbal application for such insurance, being unfamiliar with the English language, and not aware of what insurance his agent in Honolulu might have taken out on his behalf, when asked by the defendant whether any insurance existed, referred defendant to his agent in Honolulu, by name, L. Ahlo, and the plaintiff does not know whether the defendant asked the said Ahlo or sought any information from him on the subject, but the defendant issued the policy as aforesaid."

The defendant demurred to the bill on the ground that it does not set up any adequate reason for non-fulfillment of the condition in the policy that other insurance, prior or subsequent, must have the defendant's consent thereto written on the policy.

The question of the right of plaintiff to recover is delicate and interesting. On this demurrer the facts are not all before me. If the prior policies contained the above quoted clause in regard to other insurance, and the consent of the other companies was not written on their policies, the question would arise whether these policies were not rendered void by the subsequent insurance.

As I read the law as laid down by the courts in these stipulations avoiding the policies, inserted for the sole benefit of one party to the contract, the word "void" is to be construed as if it read "voidable" at the election of the underwriters. *Landers vs. Watertown Fire Insurace Company*, 86 N. Y., 417; *Turner vs. Meridian Fire Insurance Company*, 16 Fed. Rep., 454. And for this reason the doctrine of waiver is often applied to such conditions, upon the theory that a breach of the condition only renders the policy voidable. Id. 458.

The decisions are contradictory. Some courts hold that the latter policy, being invalid by reason of breach of condition, the prior insurance is good. *Stevens vs. Citizens Insurance Company*, 69 Iowa, 659; 16 Fed. Rep., 455, and cases cited therein. Other courts hold that the subsequent policy, whether legally enforceable or not, or whether voidable on its face, or voidable for extrinsic matter, works a forfeiture of the prior policy. Id. 456. It is clear by the weight of authority that if the prior insurance is known to the company, it is to be considered as having waived the condition, or more properly, the company would be estopped thereby. *Lockwood vs. Middlesex Mutual Assurance Company*, 47 Conn., 569; *Redstrake vs. Cumberland Insurance Company*, 44 N. J. Law, 294. So also if the prior insurance is in the defendant's company. *Bridgewater Iron Co. vs. Enterprise Insurance Co.* 134 Mass. 433.

The question raised by the demurrer is a narrower one, whether the statement made by plaintiff (in response to the question whether he had any prior insurance on the property) that he referred the company to his agent, Ahlo, for further information, he himself not knowing what insurance might have been taken out by his agent, was notice to the company that there might be prior insurance, and which inquiry it was bound to pursue; and if it did not pursue the inquiry, but issued the policy, it is now estopped to set up as a defense the stipulation as to other insurance. The case which bears more exactly on this question than any other I have been able to find, is *Reynolds vs. Commercial Fire Insurance Co.*, 47 N. Y., 604. Here the plaintiff's agent informed the insurance company that he

thought that a change in the business carried on on the premises had occurred, and referred them to the Merchant's Insurance Co. for information on that subject. The Court says, "the statement of the agent that he thought a change of business had taken place, and a reference to where the fact could be ascertained, was equally effective as a notice of the very change that had been made. In such a case, whatever is notice enough to excite attention and put a party upon his guard and call for inquiry, is notice of everything to which such inquiry might have led." In our case a very strong factor is the ignorance of the plaintiff of the English language—the language of the policy; and it was, in my opinion, the duty of the company to have pursued the reference to Ahlo for information as to the existence of prior insurance. It not doing so, but taking the risk without further inquiry, it is estopped from setting up the stipulation.

For this reason I overrule the demurrer. Defendant to answer in ten days.

*C. L. Carter*, for plaintiff.

*F. M. Hatch*, for defendant.