BIGLER *et al. v.* THE NEW YORK CENTRAL INSURANCE COMPANY.

The condition of a fire policy requiring the assured to give notice of any subsequent insurance, the policy is avoided by a failure to give notice of a subsequent policy, although the latter be void, its invalidity, however, not appearing on its face.

*So held*, where the second policy was conditioned to be void if the assured should already have any other insurance not mentioned in or indorsed upon it, and the prior insurance was not therein mentioned nor indorsed. ˋ ₒ ᵗ ᵢᵢₐ ᵤ₊ₚᵢ ᵤᵢₐₐₜ.

APPEAL from the Supreme Court. Action on a policy of insurance against fire. On the trial these facts appeared: On the 5th of September, 1851, the plaintiffs, being the owners of a steam saw-mill, in the town of Union, Broome county, in this State, effected an insurance thereon with the defendant, in the sum of $1,000. Thereupon the defendant issued to them a fire policy in the usual form, and which contained this stipulation: "And if the said insured, or their assigns, *shall hereafter* make any other insurance and shall not, with all reasonable diligence, give notice to the secretary and have the same indorsed on this instrument, or otherwise acknowledged by the corporation, in writing, this policy shall cease and be of no further effect." The saw-mill was consumed by fire on the 31st of May, 1852, whereby the plaintiffs sustained a loss to the amount of $2,800.

On the 30th of January, 1852, the plaintiffs procured from the Globe Insurance Company another policy on the same

Bigler *v.* New York Central Insurance Company.

property for the sum of $1,000, and that policy contained a stipulation in these words: "And provided further, that in case the assured shall have already any other insurance against loss by fire on the property hereby insured, not notified to this company and mentioned in, or indorsed upon, this policy, then this insurance shall be void and of no effect." There was no indorsement on the Globe policy, nor statement in or annexed to it, showing that there was any prior insurance; nor was the Globe company notified of such prior insurance with the defendants in any way, except that Bishop, the agent of the company, authorized to receive applications and surveys, had notice of such prior policy. The plaintiffs did not notify the defendant of the issuing of the Globe policy to them as required by the stipulations of their policy. The plaintiffs brought an action against the Globe company on the policy issued by them, and in settlement of this, a draft was given by an agent of the Globe company for the amount of the policy, which, at the time of the trial, had not been paid.

A verdict was rendered for the plaintiffs for the amount of the claim, subject to the opinion of the court at general term. That court, on the hearing in the sixth district, ordered judgment for the defendant with costs, and from this judgment the plaintiffs appealed to this court.

DAVIES, J. The only question presented for our consideration is, whether the plaintiffs, in the face of the conceded violation of their agreement with the defendants, can recover on this policy. That agreement was, that in case they should effect any other insurance upon the property covered by the defendants' policy, then the defendants' policy was to cease and be of no further effect, unless the plaintiffs should give notice to the secretary of the defendants of such further insurance, and have the same indorsed on the policy, or have the same otherwise acknowledged in writing by the corporation.

Here it is undeniable, upon the facts proven in the case, that the plaintiffs did effect further and other insurance upon the same property as that covered by the policy of the defendants. By

virtue of the agreement between the parties, the policy issued by the defendants was, from the happening of that event, to cease and be of no further effect.

But it was further agreed between them, that this result might be obviated on the part of the plaintiffs, if they should give notice to the secretary of the defendants, of such further or other insurance, and have the fact thereof indorsed on the policy issued by the defendants, or have the existence of such further insurance acknowledged by the corporation of the defendants in writing. It is not pretended that the plaintiffs have ·done either of the things agreed upon, and required to revive their policy, or that they ever made any effort to comply with these stipulations on their part. It would appear that they studiously concealed from the defendants the fact of such other insurance, in violation of the express agreement with them and clearly in fraud of the rights and security which the defendants had by virtue of the stipulations contained in their policy. It is too obvious to need comment, that it was vital to the security of the insurer, that he should be kept informed of the extent of insurance effected by the insured. The value of the insured property was ascertained at the time when the first insurance was effected, and it is well known that the insurer never insures to the full value of the property : for in that event he would lose the watchful care and vigilance of the assured, which self-interest always excites to protect the insured property. But whatever were the motives or the considerations which impelled the parties to enter into this agreement, it is clear and specific, and founded upon a good consideration and wholly unobjectionable : a compliance with its terms on the part of the plaintiffs, was a condition precedent to their right of recovery, and as it is undeniable that they have failed to comply, we do not see how they can maintain this action.

The plaintiffs seek to excuse themselves for this breach of their agreement, by alleging, that the policy obtained by them from the Globe company was void by reason of the stipulation and agreement contained in that policy, "that in case the assured shall have already any other insurance against

loss by fire on the property hereby insured, not notified to this company, and mentioned in or indorsed upon this policy, then this insurance shall be void and of no effect." The plaintiffs, to enable them to maintain their action against these defendants, now take the ground that in fraud of this agreement with the Globe company, they concealed from them the fact of the prior insurance with the defendants, and that such concealment rendered the Globe policy void. They say, therefore, they had no further or other insurance on the same property, and had not violated their agreement in that regard with these defendants. In assuming this position, they overlook the fact that this agreement or stipulation was made for the benefit of the Globe company, and that it was competent for that company to waive it. It would appear that in the suit brought by these plaintiffs against that company, its liability on the policy was acknowledged, and a draft given to pay the amount of the loss. Both parties to the policy, therefore, treated it as a valid and subsisting instrument, and it will not answer for these plaintiffs now to shift their ground and set up that this policy is void, and was so from the time it was issued, by reason of their fraudulent concealment of the fact of the prior insurance. But the agreement between the parties to this action was, that the policy of the defendants was to cease and be of no further effect if the plaintiffs thereafter "should make any other insurance upon the same property," &c. It was the act of making another insurance which was to vitiate and render null the defendants' policy. We think it was no answer for the plaintiffs to make to allege that the other insurance might legally have been resisted and avoided. This was not what the parties had agreed to. For reasons before alluded to, the insurer and the assured agreed that if the latter thereafter made any other insurance on the property, such act should vitiate the policy. We are not at liberty to make a new contract for the parties, but to inquire whether that made has, in fact, been violated. We can well see that the defendants did not intend to have the validity of their policy tested, or the risk they incurred depend

on the question whether the subsequent insurance should be finally adjudged to be legal and valid, or ultimately held to be illegal and invalid. The evil they intended to guard against, was not to be controlled by that fact. They meant to have the plaintiffs take some risk themselves in reference to the insured property, and this was secured by its not being insured to its full value. It left a margin at their risk, and it was for the defendants to determine its extent. If the plaintiffs made other insurance, this safeguard was lost, and that was precisely what the defendants intended and had a clear right to prevent, by the clause under consideration. The effect of such and similar agreements has been considered by the Supreme Court of this State. In the case of *Smith* v. *The Saratoga County Mutual Fire Insurance Company* (3 Hill, 508), the policy contained a clause that the interest of the assured was not assignable, and that if the same should be assigned without the consent of the company, then that the policy "should be void and of no effect." BRONSON, J., in delivering the opinion of the court, says: "The parties have, in the strongest terms, declared that the policy shall immediately, and without any act on the part of the company, become absolutely void: and it is difficult to see how anything short of a new creation could impart vitality to this new body." In *Westlake* v. *The St. Lawrence Mutual Insurance Company* (14 Barb., 206), where the policy contained a clause in all respects like that in the defendants' policy, CADY, J., says: "The defendants have the right to elect to withhold such acknowledgment, and thereby annul the policy, or to give the acknowledgment, and continue the policy in full force." It might be assumed, therefore, that the Globe policy could have been continued and rendered valid, and it was competent for that company at any time to elect to hold it a valid policy, notwithstanding the clause in reference to the prior insurance.

It is earnestly insisted, however, on the part of the plaintiffs, that in fact they had no other insurance on the property insured by the defendants' policy, that issued by the Globe company being invalid, and that the other insurance, in the contemplation of the policy, means legal and valid insurance.

In reference to its invalidity we have already made some suggestions. But, assuming the position to be correct, that it was invalid, and that, consequently, the plaintiffs had no other legal insurance on the property, except that made by the defendants, can they recover on the facts proven in this case? The question thus presented arose in the Supreme Court of the United States in the case of *Carpenter* v. *The Providence Washington Insurance Company* (16 Pet., 495). Carpenter took out a policy from the defendants on the 27th of September, 1838, to run for one year. The policy contained a clause, that in case the insured should have already any other insurance on the property thereby insured, not notified to the insurers, mentioned in or indorsed upon the policy, then that insurance should be void and of no effect; and it also contained a clause in these words: "And if the said assured and his assigns shall hereafter make any other insurance on the same property, and shall not, with all reasonable diligence, give notice thereof to this corporation, and have the same indorsed on this instrument or otherwise acknowledged by them in writing, this policy shall cease and be of no further effect." Annexed to the policy were proposals and conditions on which the policy was asserted to be made, and among them was the following: "Notice of all previous insurances, upon property insured by this company, shall be given to them and indorsed on the policy or otherwise acknowledged by the company, in writing, at or before the time of their making insurance thereon, otherwise the policy made by this company shall be of no effect." On the 14th of December, 1837, a policy on the same property had been issued by the American Insurance Company of Providence to one Wheeler and said Carpenter; and in April, 1838, Wheeler sold out his interest in the property insured to Carpenter, who then became sole owner thereof, with this policy outstanding. The loss therein was payable to one Reid, who held a mortgage on the property insured, which Carpenter had assumed to pay. Subsequently, and on the 11th of December, 1838, the American Insurance Company renewed the policy of the 14th of December, 1837, for Carpenter, and at his request, for one year.

This renewed policy was never notified to the Washington Insurance Company, nor acknowledged by them in writing. On this ground the Washington Insurance Company insisted that their policy of the previous 27th of September, 1838, was, according to the stipulations therein contained, utterly void. On the trial the court was requested by the defendants to instruct the jury that although the policy of the American Insurance Company was good upon its face, yet, in point of fact, as it was procured by a material misrepresentation by the owner of the cost and value of the premises insured, it was. to be deemed utterly null and void; and, therefore, as a null and void policy, notice thereof need not have been given to the Washington Insurance Company at the time of underwriting the policy declared on. The court refused to give the instructions asked for, and, on the contrary, instructed the jury that if the policy of the American Insurance Company was, at the time when that of the defendants was made, treated by all the parties thereto as a subsisting and valid policy, and had never, in fact, been avoided, but was still held by the assured as valid, then that notice thereof ought to have been given to the Washington Company, and, if it was not, the policy declared on was void. STORY, J., delivering the opinion of the court, says: "We are of the opinion that the instruction asked for was properly refused, and that given correct." He says, on the facts assumed, the policy is merely voidable, and adds: " Be this as it may, it is, in our judgment, free from all reasonable doubt that notice of a voidable policy must be given to the underwriters, for such a case falls within the words and the meaning of the stipulations in the policy. It is a prior policy, and has a legal existence until avoided." * * "Indeed, we are not prepared to say the court might not have gone further, and have held that a policy, existing and in the hands of the insured, and not utterly void upon its face, without any reference whatever to any extrinsic facts, should have been notified to the underwriters, even although by proofs afforded by such extrinsic facts, it might be held, in its very origin and concoction, a nullity." After alluding to the reasons and considerations

which manifestly operate upon the underwriters, in making the stipulations requiring notice of prior and subsequent insurances, he says: "But be the considerations as they may, we see no reasons why, as these clauses are a known part of the stipulations of the policy, they ought not to receive a fair and reasonable interpretation, according to their terms and obvious import. The insured has no right to complain, for he assents to comply with all the stipulations on his part, in order to entitle himself to the benefit of the contract, while, upon reason or principle, he has no right to ask the court to dispense with the performance of his own part of the agreement, and yet to bind the other party to obligations which, but for these stipulations, would not have been entered into. We are, then, of opinion that there is no error in the second instruction—on the contrary, there is strong ground to contend that the stipulations in the policy, as to notice of any prior and subsequent policies, were designed to apply to all cases of policies then existing in point of fact, without any inquiry into their original validity and effect, or whether they might be void or voidable." Applying the principles thus clearly, and we think satisfactorily, enunciated by the Supreme Court, to the case under consideration, it would follow that the policy issued by the defendants ceased, and was of no further effect, upon the plaintiffs taking out a policy on the same property from the Globe Company without notice thereof to the defendants; and that such result follows whether the latter policy was void or voidable merely. It was another insurance on the same property, which the plaintiffs agreed, if they made it, should be notified to the defendants; and the penalty of the omission of such notice was, that the defendants' policy should cease and be of no further effect. We regard this case as in point, and the reasoning of the court is satisfactory to us, and we think the rule adopted by it should be sanctioned by this court.

We have been referred to decisions holding a different doctrine, and they have been pressed upon us on the argument by the appellants' counsel. They are the cases of *Jackson* v. *The Massachusetts Mutual Insurance Company* (23 Pick., 418);

*Stacey* v. *Franklin Insurance Company* (2 Watts & Serg., 514); *Clark* v. *The New England Mutual Fire Insurance Company* (6 Cush., 342); *Philbrook* v. *The New England Mutual Fire Insurance Company* (37 Maine, 137). In the case cited from 23d Pickering, it appeared that, as in the present case, the condition of the subsequent policy was, that it was to be wholly void and inoperative, if there was, at the time of issuing it, a subsisting insurance on the same property made without the knowledge and consent of the company issuing the second policy; and the second policy for this omission being thus wholly inoperative and void, the court held that it could not be set up in an action on the first policy, as evidence that the plaintiffs had procured a second insurance. The court says, "An insurance that shall operate to avoid the policy of the defendants, as a violation of the·10th article of their rules, must be a valid and legal policy, and effectual and binding upon the assured." And the learned judge giving the opinion adds: "This view of the case now taken does not render nugatory, and wholly ineffectual, the rule restricting the party assured from making a second insurance. It will apply, in its full force, in all cases where a party procures a second insurance at an office whose rules allow such double insurance. Such second insurance would annul the previous policy." In *Stacey* v. *Franklin Fire Insurance Company* (*supra*), the court say: "If the plaintiffs failed to perfect their contract with the subsequent underwriters, by omitting to have the prior insurance allowed of and specified on the policy, as is required, it would be difficult to imagine in what way the prior insurance can be invalidated or affected. It is a vain, nugatory, and void act." As authority for this position, the case in 23d Pickering is cited.

The case of *Clark* v. *New England Mutual Fire Insurance Company* (*supra*), is decided on the authority of the two preceding cases. The learned judge, in his opinion in this case, elaborately reviews that of Judge STORY, in *Carpenter* v. *Washington Fire Insurance Company*, and endeavors to refute the conclusions therein arrived at. It is very apparent that the court in Massachusetts proceeds on the ground that the second insurance

has been fraudulently obtained, if either from the fact of omitting to give notice of prior insurances or by misrepresentation or any other fraud, it is void and inoperative; and that when the first insurer sets up as a defence the fact of subsequent insurance, it may be rebutted by showing that it was fraudulently obtained, and, therefore, void: thus, in effect, determining, in an action on the first policy, the validity of that issued by another company not a party before the court, and without any evidence that the underwriters do not concede its validity.

The Supreme Court of Maine, in the case of *Philbrook* v. *The New England Mutual Fire Insurance Company* (*supra*), have adopted the same views. In that case, the underwriters of the second policy paid the amount of the loss; thus directly affirming the policy, and admitting their liability upon it. Yet the court say the fact that the company who issued the second policy paid the amount insured, is of no consequence in the question here involved, if the payment was made on a policy clearly void. Whether the policy was not void, depended on the election and action of the underwriters. It was competent for them to waive, at any time, the forfeiture incurred by reason of the omission to give notice of a prior insurance, or of any fraud or misrepresentation existing at the time of the issuing of the policy. This waiver could as well be made after the loss as before, and payment of the loss is the best evidence that the underwriters of the second policy did, in fact, make the waiver. It was, therefore, a case where both parties treated the policy as valid and subsisting; the insured, by making the claim for the loss under the policy, and the underwriters by admitting their liability, and making payment. That policy was treated by the parties as a valid and legal policy, and effectual and binding upon the assurers. It came, therefore, directly within the class of policies referred to by the Supreme Court of Massachusetts in the case in 23d Pickering, and was, in this view, a second insurance. We adopt the language of the court in that case, and agree with them, that "Such second insurance would annul the previous policy."

It is difficult to withdraw the case now under consideration from the application of these principles. The plaintiffs in this case, treated and claimed the Globe policy as a valid and legal policy, and binding on the assurers. They claimed their loss under it, and commenced and prosecuted an action for the recovery thereof. The Globe company waived their right to avoid the policy, on the ground that they had received no notice of the prior policy, and admitted their liability upon it, and gave a draft for the amount of the loss. The policy has therefore been treated by both parties to it as legal and valid, and it clearly follows that, in fact, the plaintiffs had other and further insurance upon the same property as that covered by the defendants' policy. This second insurance was not notified to them, and by the terms of their policy it thereupon ceased and was of no further effect. In *Mellen* v. *The Hamilton Insurance Company* (17 N. Y., 609), this court had occasion to consider what was reasonable diligence in giving notice of a prior insurance, and the reasons why such notice is required. It was there said that if the only purpose for which notice of a subsequent insurance is required, was that of enabling the prior insurers to ascertain for what proportion of a loss they might eventually be liable, no such notice would seem to be necessary until the actual occurrence of a loss; since, if given then, it would fully answer the purpose for which alone it was intended. But this is not the only nor, as we apprehend, the principal reason for requiring that express notice of every further insurance upon the same property shall be given. It was observed that of the facts to be communicated to an insurance company, there was probably none more important to be known than that of the total amount of the sums insured upon the same property, since it is by a comparison of this amount with the value of the property that prudent insurers, in making the election which the policy gives to them (to terminate or continue it), are certain to be governed. These views are in harmony with those already expressed, and furnish additional and conclusive reasons why the parties to this policy should

be held to the stipulations contained therein, and which were voluntarily made, and for a laudable and proper purpose.

We are of the opinion, that the judgment appealed from should be affirmed with costs.

SELDEN and WELLES, Js., dissented.

Judgment affirmed.