Ashburn, J.
A number of alleged errors are assigned in this court against the judgment. In our view of the case a consideration of one of them disposes of the case. It is assigned for error “ that the court rendered judgment in this case for the plaintiff, when by the laws of the land judgment ought to have been rendered in favor of the defendant.” •
The case is here on error to have it determined whether the judgment rendered in the court below is in accordance with the facts and law of the case.
The first question is one of fact raised by the reply. Plaintiff avers in the reply that, “as it is advised, the property covered by the policy of the defendant in the pe *81 tition set- forth is not covered in fact by those of the several companies in the answer of the defendant set forth.”
It is agreed that the property described in the policy of defendant was situated on the line of plaintiff’s road; that the policies issued June 27, 1867, are “ on any property belonging to plaintiff, . . . situated on the line of its railroad, etc.;” that the policies issued July 27, 1867, are “ on any property belonging to the plaintiff", . . . provided it was upon premises then owned or occupied by plaintiff", and situated on the line of its railroad at Toledo; that after the fire and destruction of said elevator, the plaintiff" made proof of the loss thereof to all the companies hereinbefore named, and claimed payment from them under the several policies aforesaid. That the plaintiff also, in making proof of the loss to the defendant, stated said several policies issued by the other companies aforesaid, and claimed that said companies were insurers of the said property as well as the defendant. The proof furnished the defendant was the same as that furnished the other companies.”
From this proof we are satisfied that all the policies covered the “ steam elevator or grain warehouse, and the machinery therein.”
“ The steam elevator or grain warehouse, and the machinery therein,” were of the estimated value of sixty thousand dollars. It wTas insured in the Phoenix Insurance Company for ten thousand dollars; in the Union, Central, Boatmenls, Lafayette, and Ohio Yalley, along with other property, for five thousand dollars in each; in the Magnolia, Buckeye State, American, Fireman’s, and Enterprise, along with other property, for five thousand dollars in each — in all sixty thousand dollars. A risk never contemplated by the defendant without giving its consent. The very thing the Phoenix Insurance Company intended to guard against has happened, unless the condition in defendant’s policy is effective to prevent. It is unusual for insurers to insure property at its full value, and they sel *82 •dom assent that property upon which they have a risk may be insured in other companies to its full value. “ They assure the risk of only a certain part, not usually, if ever, •exceeding two-thirds or three-fourths of the value.” 9 Met. 211.
As a part of its contract, and in this case the essential part of the contract, the policy issued to the plaintiff, on which this action is founded, contained the following condition :
“ If the assured shall have, or shall hereafter make, any •other insurance on the property hereby insured, or any part thereof, without the consent of the company written hereon; . . . then and in every such case this policy shall be void.”
Subsequent to the issuing of the policy by the defendant (the Phoenix Insurance Company) the ten policies named in the answer were taken upon the same property, and also •embracing a large amount of other property. Was the insurance effected through the ten several other policies set out in the answer, other insurance, so as to render the policy •of the Pbcenix void, because no consent was given by it for such subsequent insurance?
We think it was and had that effect.
Counsel for plaintiff below urge, that the other insurance ■sought to be guarded against in the policy is what is defined to be double insurance. The decisions as to what constitutes double insurance are not uniform in expression •or exact in description; and no comprehensive definition of what strictly constitutes double insurance has been found. It would seem to be a case of insurance where, but for some restrictive contribution clause in the policy, the insured can recover from several insurances a double satisfaction for the same loss.
As we understand this contract and the law governing it, the question of double insurance is of no great significance. We think it was not intended to be and is not so limited,but was intended and so understood by the parties to prohibit any and all insurance, on the pain of forfeiture, unless *83 the consent of the Phoenix Insurance Company was obtained. Manifestly the purpose of this condition in the policy was to prevent over-insurance of any name — to prevent such increase of the risk on the property as would ■occasion temptation to fraudulent acts. It was no doubt intended, as one effect of the condition, to excite the insured to diligence in the preservation of the property, as a salutary check upon over-insurance of any name — a restriction founded in that wisdom which comes from experience.
Keeping .within the principles of public policy, a person ■or corporation may insure the same property against the same risk in several offices, to any amount, consent being given and duly noted on the policy to be affected thereby. Parties to the policies may name their own conditions, and such conditions must have effect whenever a case for which they provide may arise.
The provision in this policy in regard to contribution in ease of loss, tends strongly to show that the other insurance intended to be guarded ■ against was not double insurance alone, nor indeed to be limited specially to any other general or special fire insurance. In giving construction to a contract all its parts may be considered.
The second clause in the policy casts some, light upon this ■question. It is provided : “ In case of any other insurance upon the property hereby insured, whether prior or subsequent to the date of this policy, the assured shall be .entitled, . . . whether such other insurance be by specific or by general or floating policies.” There is no intention here manifested to limit the insurance and provide alone against, double insurance. On the contrary, this clause indicates quite clearly that the other insurance guarded against might be either specific, general, or floating. The ten policies set forth in the answer come fully within the meaning of floating policies, they being such as cover many and separate risks, at greater or less distances apart, and subject to many perils from fire, in this case, covering the steam elevator, locomotives, and ears, at widely *84 different points, along five hundred miles of road, station houses, etc.
The general doctrine, that a previous or subsequent insurance on the same property without notice, under a policy requiring notice of such insurance upon pain of forfeiture, discharges the insurer from any obligations under such circumstances, is well settled and universally recognized. May on Insurance, 437, 438.
Numerous adjudicated cases clearly show that the facts-of the case under consideration bring it within the general rule of other insurance, which, made without consent, as in this case, renders the policy void. Jefferson Kimble v. Howard Fire Ins. Co., 8 Gray, 33; Bigler et al. v. New York Central Ins. Co., 22 N. Y. 402; Conway Toll Co. v. Hudson River Ins. Co., 12 Cush. 144; The Ramsey Woolen Cloth Man. Co. v. Mutual Fire Ins. Co. of the District of Johnstown, 11 Up. Can. Q. B. 516.
That the insurance made by the ten companies named in the answer upon the steam elevator or grain warehouse, and the machinery therein, was other insurance, and such as the restrictive clause of the Phcenix policy intended to guard against, is clear. As no consent was given by the-defendant authorizing such insurance, the policy upon, which this action is founded is void.
Judgment of the court of common pleas reversed. Having all the facts of the case before us, this court will render the judgment that should have been «rendered in the court below.

Petition dismissed.