(15 App. Div. 618.)

### NEAFIE v. WOODCOCK et al.

(Supreme Court, Appellate Division, Second Department. April 13, 1897.)

1. INSURANCE—CONDITIONS OF POLICY—WAIVER.
    A condition of a policy that it shall be void if the subject of insurance be or become incumbered by a chattel mortgage is waived where the insurer knew that it was mortgaged when the policy was issued.
2. SAME—INCUMBRANCES ON INSURED'S POLICY.
    Such condition is not broken by the execution of a chattel mortgage which was never delivered.

Appeal from trial term.

Action by Alfred Neafie, as receiver, etc., against Daniel Woodcock, as attorney, etc., and others, on a fire insurance policy.   A judgment in favor of plaintiff was entered on the decision of the court on a trial without a jury, and defendant Woodcock appeals.   Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Mortimer M. Menkin, for appellant.
Henry Bacon, for respondent.

HATCH, J.   The purpose of this action is to recover a sum secured to be paid by a policy of insurance.   The defense to the claim is that liability under the policy was avoided by reason of the execution of a chattel mortgage by the insured upon the property covered by the policy after the same was executed.   The assured, by the terms of

the policy, were Melissa and William H. H. Williams, the owners of the property, and Harvey J. Sarles, an incumbrancer by chattel mortgage. The facts are brief: The Williames applied to the plaintiff, Neafie, who was the general agent, representing the insurance company in that territory, for insurance upon their property. Subsequently a policy was issued, bearing date the 1st day of November, 1894. At this time Neafie held a chattel mortgage upon the insured property, bearing date October 24, 1894, and had also arranged to take another chattel mortgage at the same date upon the same property, to secure the payment of a note held by a bank. The exact amount of this note was not known at this time, and the execution of this mortgage was deferred until it could be ascertained. It was executed and delivered on the 3d day of November, 1894, after the date of the policy, but before its delivery. Neither of these mortgages was mentioned in the policy. While the plaintiff herein was the agent of the insurance company, and also the mortgagee, yet it is not claimed that there was any collusion between the assured and the plaintiff. In fact, he was protected by another policy of insurance upon the same property, and the amount of his liens have been paid from the proceeds of that policy, and the only person presently interested is the mortgagee, Sarles. The plaintiff testified, and the court found, that on the 1st day of November, 1894, Neafie notified the defendant of the insurance, and also that he held liens upon the property, subject to the liens of the defendant Sarles, by way of chattel mortgage, in over the sum of $600. The company acquiesced in the issuance of the policy, and remained silent respecting the notice it had received. The property was destroyed by fire about the 14th day of December, 1894, resulting in a total loss. On January 9, 1895, proofs of loss were furnished. Thereafter further proof was required, and supplementary proof furnished, which disclosed the existence of the plaintiff's mortgages, and which was received by the defendant on February 1, 1895. Subsequently further proof was required and furnished, all of which proofs the defendant retained without objection.

The clause in the policy respecting forfeitures is the same as is in the New York standard policies: "That the entire policy shall be void if the subject of insurance be personal property, and be or become incumbered by a chattel mortgage." We are of opinion that the defendant cannot avail itself of this clause of the policy to defeat liability thereunder. It is to be observed that, at the time when the policy was delivered, all of the facts relating to the two chattel mortgages held by the plaintiff were known to the company. If, therefore, the giving of the second chattel mortgage rendered the policy void, then at the instant of delivery there was a breach of condition; and, while the policy said the property was insured, at the same time its conditions were broken, and the insurance was void. Such a condition cannot exist where all the facts are known to the parties at the time of the delivery of the policy, as the court will not presume that the parties intended to do a vain thing. Such a breach is not a condition subsequent to the formation of the contract.

44 N.Y.S.—49

It is co-existent with its inception. The company, having, under such circumstances, chosen to deliver the policy, will be held estopped from setting up its invalidity (Van Schoick v. Insurance Co., 68 N. Y. 434; Gray v. Insurance Co., 84 Hun, 504, 32 N. Y. Supp. 424), or be held to have waived the forfeiture (Berry v. Insurance Co., 132 N. Y. 49, 30 N. E. 254). The waiver of the forfeiture in this case may also be predicated upon the action of the company in demanding additional proofs of loss, when taken in connection with its knowledge of the existence of the mortgage at the time of the delivery of the policy. Titus v. Insurance Co., 81 N. Y. 410; Weed v. Insurance Co., 116 N. Y. 106, 22 N. E. 229.

The mortgage executed to Jennie V. S. Williams did not have the effect of creating a forfeiture. It was never delivered to the mortgagee, and never had a legal inception, as the purpose for which it was executed failed. It never became a lien upon the property, and the title of the assured was not affected thereby. Forward v. Insurance Co., 142 N. Y. 382, 37 N. E. 615.

The defendant claims that the ninth finding of fact, which is to the effect that the defendant was notified by the plaintiff of the existence of the chattel mortgages, is without proof to sustain it. There are several answers to this claim. The plaintiff testified to this fact, and gave the contents of the notice which he sent, and which had been lost. The denial of the defendant left a conflict of evidence upon this point. Besides, there is no certificate attached to the case that it contains all the evidence; and, in its absence, we are bound to presume that evidence was given sufficient to support the finding. In addition to this, the plaintiff had knowledge of the condition; and, in the absence of fraud or collusion, his knowledge was imputable to the company, and became binding upon it. Forward v. Insurance Co., supra. The evidence was sufficient to show the loss of the letter sent by the plaintiff to the defendant, and parol proof of its contents became competent. The search was made by both parties in the place where it would naturally be, and neither was able to find it. The objection of the defendant thereto cannot, therefore, avail, and this is so even though the search made by the defendant did not appear until after the evidence was received. It is sufficient that it did appear, and cures any error which might have existed.

Prior to the trial of this action, the defendant Woodcock made application to the court to have Melissa and William H. H. Williams brought into the action, and made parties defendant therein. This motion was opposed by the plaintiff, but the same was granted, and the plaintiff was directed to serve upon these persons a copy of the complaint. In obedience to the order, the plaintiff served a copy of the complaint. The persons so served did not appear in the action; no judgment passed against them; and they are not parties to this appeal. The appealing defendant now urges that this order was erroneous, and that such persons could not be brought in as parties, except by the service of a summons upon them. We are unable to see how this order in any wise affects this appeal. The persons directed to be brought in had no interest whatever in the controversy.

True, they were the assured, but all their rights, title, and interest in and to the policy and its proceeds had become vested in the plaintiff before the commencement of the action, and they were without interest therein. But, aside from this, the defendant is entirely responsible for their appearance upon the record. He was the moving party, and, against the opposition of the plaintiff, obtained the order. It would be a singular rule if he could now be permitted to disturb this judgment by a complaint that the order was improvident, granted without authority, and was ineffectual. If it was effectual for any purpose in the disturbance of this judgment, the defendant would be estopped from urging it, as it would be in repudiation of his own act, and available as advantage of his own wrong. This the law does not tolerate. We find no error in the record.

The judgment should therefore be affirmed, with costs. All concur.

