(79 South. 217)

No. 22148.

WHITESIDE et al. v. LAFAYETTE FIRE INS. CO.

(June 29, 1918.)

*(Syllabus by Editorial Staff.)*

1. HUSBAND AND WIFE ⊂⊃224 — ACTION — PROCESS—NOTICE OF SEIZURE.

In view of Rev. St. § 3629, and Code Prac. arts. 182, 192, a citation and notice of seizure in a suit against a husband and wife served only on the husband was not a good service upon the wife, where she was sued for his debt, and made no appearance and received no notice of judgment.

2. INSURANCE ⊂⊃329—FORFEITURE OF POLICY —POSSESSION OF INSURED—SEIZURE.

A policy of insurance by its terms avoided by a change of insured's possession will not be annulled by an illegal and fictitious seizure, where there was neither an actual nor a valid seizure of the property insured.

3. INSURANCE ⊂⊃602—FAILURE TO PAY PENALTY—STATUTE.

Under Act No. 168 of 1908, statutory damages and attorneys' fees may be imposed upon an insurer withholding money on the indefensible ground of a change of possession avoiding the policy.

Appeal from Civil District Court, Parish of Orleans; Geo. H. Théard, Judge.

The suit by Mrs. Sidney J. Whiteside and others against the Lafayette Fire Insurance Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Dart, Kernan & Dart, of New Orleans, for appellant. Girault Farrar and Arthur B. Leopold, both of New Orleans, for appellees.

O'NIELL, J. This is a suit on a fire insurance policy for $4,000 on a residence that was totally destroyed by fire. The plaintiffs are the assured and a mortgage creditor, the latter claiming $1,500, secured by the New York standard mortgagee clause. They obtained judgment for the amount of the policy, with legal interest after 60 days from the date of the fire, and with $480 statutory damages and $400 attorney's fees.

Of the several defenses made to the suit, only two are urged on appeal, viz.:

(1) That before and at the time of the fire, the property was under seizure by the sheriff, in the execution of a judgment against the assured, operating a change of possession, and thereby annulling the policy, according to its terms.

(2) That, in any event, there is no authority for imposing upon the defendant the penal-

ty of statutory damages or attorney's fees; the Act No. 168 of 1908 being authority for imposing such penalties only when an insurance company has willfully refused to pay what it owes; whereas in this case the company defended in good faith.

The plaintiffs' reply to the main defense is that there was no actual seizure of the property, but only a fictitious or constructive seizure, which was null, not only because there was no notice of seizure, but because the judgment purporting to authorize the seizure was an absolute nullity, rendered without citation, on a debt of the husband of the assured.

The facts relating to the alleged seizure are as follows: The property alleged to have been seized to satisfy a judgment against the assured belonged to her separately, not to the marital community. Suit was filed against her and her husband for a grocery bill amounting to $182.40. The petition disclosed no cause of action whatever against the wife, the allegation being merely that the petitioner had sold goods and merchandise to the defendants at various times as shown by the itemized bill annexed to the petition. The itemized bill, covering a period of seven months, showed more than 700 small purchases of groceries, the largest single item being 80 cents. There was a small purchase on almost every day—not a skip of two consecutive days. The account showed plainly, therefore, that the groceries were bought for consumption, not for resale by a merchant. It was not alleged that Mrs. Whiteside was a public merchant; nor was there any allegation of fact that would make her liable for a bill of groceries sold to the husband and wife. In fact, it was not even alleged that the husband and wife were liable in solido, although the prayer of the petition was for a judgment against them in solido, and the judgment was rendered accordingly. There was no prayer nor order that the wife be authorized, either by her husband or by the judge, to defend the suit or

stand in judgment. Two citations were issued, one addressed to the husband and the other to the wife; and both were served upon the husband in person, not even at the domicile or residence of the wife, as far as the return shows. As neither defendant answered or appeared in court, the plaintiff got judgment by default. A notice of judgment was served only upon the husband, addressed to him alone.

Mrs. Whiteside's property being situated in the parish of Jefferson, the sheriff undertook to levy a constructive seizure, according to the provisions of sections 3625 to 3629 of the Revised Statutes, for making seizures in the parishes of Orleans and Jefferson. In those parishes the sheriff is not required to take actual possession of property to make a valid seizure. The method of seizure is for the sheriff to serve a notice of seizure upon the owner of the property; cause a copy of the notice to be recorded in the office of the recorder of mortgages; enter in what is called the "Seizure Book," in the sheriff's office, a description of the property, making note of the day and hour of recording the notice of seizure in the mortgage office; and make a return on a copy of the notice of the service and date and hour of recording the notice. Section 3629, R. S., declares that the recording of the description of the property and notice of seizure shall be deemed and considered as the seizure and possession by the sheriff, and that it shall be unnecessary to appoint a keeper.

Of course, that section of the law means that the recording of the notice of seizure shall have that effect provided it has been preceded by the other formalities required, such as the service of a copy of the notice of seizure. In this case service of the notice of seizure addressed to Mr. and Mrs. Sidney Whiteside was made by delivering a copy to Mr. Whiteside alone—not even at the domicile or residence of his wife, as far as the record

shows. She testified—and there is no reason for doubting her statement—that she did not know, until she was apprised in the present suit, that her property had been seized, or that judgment had been rendered against her, or even that she had been sued. It appears that she paid the grocery bill after the fire, with the avails of other insurance on her house; but there was nothing in the nature of a ratification of the proceedings that had been taken against her without her knowledge.

The defendant here contends that service of the notice of seizure upon the husband gave constructive notice to the wife; and in support thereof the learned counsel cite articles 182 and 192 of the Code of Practice, referring to service of citation upon a married woman. Article 182 declares that, if the defendants in a suit be husband and wife, it is sufficient to deliver one citation and one copy of the petition to the person representing the defendants; and article 192 declares that, if the petition and citation be directed against a married woman not separate from bed and board from her husband, service may be made by delivering the citation and copy of the petition to either the husband or the wife.

[1] That method of serving citation upon a married woman cannot be applied to a notice of seizure in a case like this, where the wife was sued for a debt of the husband, was not cited either in person or by service at her domicile or residence, made no appearance in the case, and received no notice of judgment. Such a proceeding would abolish altogether the protection afforded a married woman and her separate property against the debts of her husband. The peculiar circumstances of this case render it unnecessary to say whether the provisions of the Code of Practice for serving citation on a married woman have application to the service of a notice of seizure, particularly for a fictitious or constructive seizure in the method provided especially and only for the parishes of Orleans and Jefferson. The married woman in this case had no notice or opportunity whatever to defend herself or her separate property against the debt of her husband.

[2] In McClelland v. Greenwich Insurance Co., 107 La. 124, 31 South. 691, it was held that a mere formal seizure, without a taking of possession of the property insured, did not invalidate the insurance, under the provisions in lines 20, 21, and 22 of the New York standard policy contract. It is true the seizure in that case was levied in a parish other than Orleans or Jefferson; that is, in a parish where the taking of actual possession by the sheriff was essential to a valid seizure. But the ruling, as shown by the concluding sentence in the opinion, rested upon the decisions holding that none but actual seizure operates a change of possession so as to render an insurance policy void.

Whatever may be said of the effect of an actual, but illegal, seizure, or of a valid, though only fictitious, seizure, of property insured, we find no authority nor reason for holding that a policy of insurance should be annulled by an illegal and fictitious seizure. It is sufficient to say in this case that there was neither an actual nor a valid seizure of the property insured. The judgment appealed from in that respect is correct.

[3] The imposition of the penalty, of having to pay statutory damages and attorney's fees, is plainly authorized by Act No. 168 of 1908, p. 226. The statute declares that, if an insurance company fails to pay the amount of loss due an assured within 60 days from the date of proof of loss, or from the date of adjustment and ascertainment of liability, after demand made therefor the company shall be liable to pay the holder or holders of the policy, in addition to the amount of the loss, 12 per cent. damages on the total amount of the loss determined by a court of competent jurisdiction and all reasonable

attorney's fees for the prosecution and collection of such loss. We find nothing in the statute to justify our limiting the imposition of the penalties to cases where insurance companies willfully refuse to pay what they owe. We doubt that the Legislature believed that insurance companies ever willfully or arbitrarily refuse to pay their losses; and we are quite sure the statute was not intended to fix a price or penalty that an insurance company should pay for the privilege of withholding money due to an assured until the end of an indefensible lawsuit.

The plaintiffs have prayed, in answer to the appeal, for damages for a frivolous appeal; but the ability and industry with which the appeal has been presented and prosecuted convince us that the learned counsel for the appellant were very much in earnest, and that the appeal was not taken merely to delay payment of the judgment.

The judgment appealed from is affirmed, at the cost of appellant.