MORRIS LIPEDES, Appellant, *v.* LIVERPOOL AND LONDON AND GLOBE INSURANCE COMPANY, LTD., Respondent.

**Insurance (fire) — provision of a policy that if personal property insured should become incumbered by chattel mortgage without consent of insurer the policy would become void — fact that such mortgage was void for usury, does not excuse failure of insured to notify the insurer of its existence.**

The stipulation in the policy of fire insurance in suit provided: " This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void * * * if the subject of insurance be personal property and be or become incumbered by a chattel mortgage." The property was incumbered with a chattel mortgage which the plaintiff asserts was void by reason of usury and a nullity in law. *Held*, that the fair meaning of the stipulations of the parties called for full disclosure by the insured; the condition in defendant's policy was inserted to protect it from the hazard of insuring mortgaged property, and the existence of the chattel mortgage, whether valid or invalid, was a breach of the condition.

*Lipedes* v. *Liverpool & London & Globe Ins. Co.*, 184 App. Div. 332, affirmed.

(Argued April 30, 1920; decided June 8, 1920.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 19, 1918, affirming a judgment in favor of defendant entered upon an order of the court at a Trial Term setting aside a verdict in favor of plaintiff and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*S. F. Hancock* for appellant. The condition of the policy was not violated by the chattel mortgage which was usurious and void and, therefore, did not incumber the property nor increase the moral hazard. (Joyce on Ins. [2d ed.] 3391, § 2022; Richards on Ins. [2d ed.] 178; *Marshall* v. *C. T. Assn.,* 170 N. Y. 434; *Griffey* v. *N. Y. C. Ins. Co.,* 100 N. Y. 417; *Conover* v. *Mutual Ins. Co.,* 1 N. Y. 290; *A. Ins. Co.* v. *Crandall,* 120 U. S. 531; *Herman* v. *Merchants Ins. Co.,* 81 N. Y. 184; *Hoffman* v. *Ætna Fire Ins. Co.,* 32 N. Y. 405; *Darrow* v. *Family Fund Society,* 116 N. Y. 537; *L. Ins. Co.* v. *Jackson,* 83 Ill. 302; *Runkle* v. *C. Ins. Co.,* 6 Fed. Rep. 143; *Ins. Co. of N. A.* v. *Wicker,* 55 S. W. Rep. 740.)

*Ernest I. Edgcomb* and *Harry S. Lee* for respondent. The transactions had with Manson regarding the subject matter of the insurance are material to the risk, and the concealment of these facts by the plaintiff is a violation of the contract and a fraud upon the defendant. Therefore, there can be no recovery in this case. (*Mulrooney* v. *Royal Ins. Co.,* 157 Fed. Rep. 589; *Lee* v. *Agricultural Ins. Co.,* 79 Iowa, 379.)

POUND, J. This is an action on a policy of fire insurance covering personal property. The defense is that the policy is void because the property was incumbered with a chattel mortgage. The plaintiff asserts that the chattel mortgage was void by reason of usury and a nullity in

law. The question is whether the contract of the parties contemplated the disclosure to the insurance company of the existence of the usurious chattel mortgage.

The stipulation in the policy in suit provided: " This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void * * * if the subject of insurance be personal property and be or become incumbered by a chattel mortgage." This language is not unlike the stipulation in *Bigler* v. *N. Y. Central Insurance Company* (22 N. Y. 402), where the agreement was that in case plaintiffs should effect any other insurance upon the property covered by the defendants' policy, then the defendants' policy was to cease and be of no further effect, unless the plaintiffs should give notice to the secretary of the defendants of such further insurance, and have the same indorsed on the policy, or have the same otherwise acknowledged in writing by the corporation. Plaintiffs effected other insurance and gave no notice thereof. They sought to excuse themselves for this breach of their agreement by alleging that the policy obtained by them from the second company was void by reason of the stipulation and agreement contained in that policy, " that in case the assured shall have already any other insurance against loss by fire on the property hereby insured, not notified to this company and mentioned in, or endorsed upon, this policy, then *this insurance* (*i. e.,* the second policy) *shall be void and of no effect.*" They urged that the second insurance was thus by its terms void and no insurance and, therefore, they had not violated the agreement contained in the first policy. This court held that: " The policy issued by the defendants ceased, and was of no further effect, upon the plaintiffs taking out a policy on the same property from the Globe Company (the second policy) without notice thereof to the defendants; and that such result follows whether the latter policy *was void or voidable merely.* It was another insurance on the same property,

which the plaintiffs agreed, if they made it, should be notified to the defendants; and the penalty of the omission of such notice was, that the defendants' policy should cease and be of no further effect." (p. 409.)

Story, J., in the similar case of *Carpenter* v. *Providence Washington Insurance Co.* (16 Pet. 495, 511) said: " The stipulations in the policy as to notice of any prior and subsequent policies, were designed to apply to *all cases of policies then existing in point of fact, without any inquiry into their original validity and effect, or whether they might be void or voidable.*"

This is the New York rule on the subject of insurance by its terms void if the insured had other insurance. The rule differed in other jurisdictions. (*Turner* v. *Meridan Fire Ins. Co.*, 16 Fed. Rep. 454, and cases cited.) The present standard form of fire insurance policy has a clause against other insurance which adds the words " whether valid or not " to the original clause in order to remove all doubts as to the meaning of the policy, but New York had already refused to sustain the contention that an invalid policy might be ignored.

We may assume that the chattel mortgage is void as matter of law. (*Sabine* v. *Paine*, 223 N. Y. 401.) It may, if enforcement is resisted, lack legal efficacy, but it exists as a fact and has moral efficacy in point of fact. The reason for requiring knowledge or notice of the chattel mortgage is the same as the reason for requiring knowledge of other insurance. The facts relating to both are important to the insurance companies as bearing on the risk assumed. Property incumbered by a chattel mortgage may cease to be a good moral risk. That the necessities or the ignorance of the insured have forced him into the hands of the usurer does not make the information sought a matter of indifference to the insurer, but rather the contrary. The fair meaning of the stipulations of the parties called for full disclosure by the insured.

In *Forward* v. *Continental Insurance Co.* (142 N. Y. 382, 390) it is held that a mere paper transfer of title, not intended to transfer ownership, did not avoid a policy of insurance, void " if the interest of the insured be other than unconditional, sole ownership," six judges agreeing that " *the moral hazard which was the basis of the condition of the policy would still be absent.*" But the moral hazard is the test by which the terms of the policy are to be construed.

To paraphrase the language of ANDREWS, J., in *Landers* v. *Watertown Fire Insurance Co.* (86 N. Y. 414, 417), the condition in defendant's policy was inserted to protect it from the hazard of insuring mortgaged property and the existence of the chattel mortgage was a breach of the condition.

The judgment appealed from should be affirmed, with costs.

COLLIN, J. (dissenting). There is no dispute in regard to the cardinal facts: The defendant issued to the plaintiff a policy in the standard form of this state insuring the property burned, and other property, for the period of three years from November 14, 1916. The property burned December 14, 1916. At the time of the burning there were and had been since September 20, 1916, executed and filed chattel mortgages covering the insured property as security for the payment of a promissory note made by defendant and held by one Manson for eight hundred and fifty dollars. The defendant had not at any time until after the proofs of loss were filed knowledge or information of the existence of the chattel mortgages. The policy of insurance provided: " This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void  *  *  * if the subject of insurance be personal property and be or become incumbered by a chattel mortgage." There was not indorsed on or added to the policy an agreement

concerning the chattel mortgages. The receiving in evidence of the chattel mortgages and the note for the payment of which they were given as security was objected to by the plaintiff upon the ground that they were usurious and void. The plaintiff subsequently introduced evidence, which remained wholly uncontradicted, tending and sufficient to support a finding that they were usurious and the jury by the verdict so found. The ultimate decision of the trial justice was: " There was sufficient evidence to justify a finding that the mortgage was usurious, but not in my judgment to support a finding that the plaintiff had. elected to treat the mortgage as void for usury before the issuance of the policy."

A contract of insurance is to be interpreted as are other contracts. The intention of the parties as gathered from the whole instrument must prevail. If the language used by the parties has a plain meaning, unaffected by that of other clauses or provisions of their contract, the ordinary effect must be given it. The established rules of interpretation are aids in ascertaining the intention. The parties in the instant case stipulated that if the insured property was incumbered by a chattel mortgage at the issuance of the policy the policy should be void. Such is the practical effect and operation of the stipulation under the facts of the case. Whether or not the property was incumbered by the chattel mortgages is the ultimate and determinative question we are to answer. If it was not the plaintiff might lawfully regard the instruments as effectless and mere nothings. The difference between a chattel mortgage in mere words and a valid, effectual incumbering by a chattel mortgage is indicated by the stipulation; it is the difference between the impotent instrument and the object sought by it. In this state a chattel mortgage incumbers property only by effecting a present transfer to the mortgagee of the property mortgaged by it, defeasible by the payment of the sum

it is given to secure. (*Barrett Manufacturing Co. v. Van Ronk*, 212 N. Y. 90.) A void chattel mortgage does not and cannot transfer or incumber the property described in it. An invalid transfer is no transfer. It is merely the form or semblance, without reality, of a transfer. If the mortgages were invalid they would not by legal intendment avoid the policy. The defendant seeking to avoid the policy on the ground that the property was incumbered by the mortgages was bound to show they were, as against the insured, mortgages in reality as well as in appearance. Judicial decisions uniformly so hold. (*Watertown Fire Ins. Co. v. Grover & Baker Sewing Machine Co.*, 41 Mich. 131; *Rowland v. Home Ins. Co. of New York*, 82 Kans. 220; *Fitchener & Co. v. Fidelity Mutual Fire Assn.*, 103 Iowa, 276, 282; *Forward v. Continental Ins. Co.*, 142 N. Y. 382, 390; *Weigen v. Council Bluffs Ins. Co.*, 104 Iowa, 410; *Continental Ins. Co. v. Vanlue*, 126 Ind. 410; *Hanscom v. Home Insurance Co.*, 90 Me. 333, 349; *Smith v. N. F. Ins. Co.*, 60 Vt. 682; *Town of Clinton v. Town of Westbrook*, 38 Conn. 9; *Downey v. National Fire Ins. Co. of Hartford, Conn.*, 77 W. Va. 386; *Smith v. Stanton*, 15 Vt. 685; *Gilchrist Transportation Co. v. Phenix Insurance Co.*, 170 Fea. Rep. 279, 282; *Neafie v. Woodcock*, 15 App. Div. 618, 621.) The same rule has been applied to stipulations relating to title in or change of title from the insured. (*Merrill v. Agricultural Ins. Co.*, 73 N. Y. 452; *Lycoming F. Ins. Co. v. Jackson*, 83 Ill. 302; *Niagara Fire Ins. Co. v. Scammon*, 144 Ill. 490; *Kitterlin v. Milwaukee Mechanic's Mut. Ins. Co.*, 134 Ill. 647; *Steinmeyer v. Steinmeyer*, 64 S. C. 413; *Whiteside v. LaFayette Fire Ins. Co.*, 143 La. 675.) The like rule is applied to analogous stipulations (*Thomas v. Builders' M. F. Ins. Co.*, 119 Mass. 121; *Clark v. New England Mutual Fire Ins. Co.*, 6 Cush. 342; *Jersey City Ins. Co. v. Nichol*, 35 N. J. Eq. 291; *Knight v. Eureka Fire & Marine Ins. Co.*, 26 Ohio St. 664; *Fireman's Ins. Co. of Dayton v. Holt*, 35 Ohio St. 189; *Sweeting v.*

*Mutual Fire Ins. Co.,* 83 Md. 63; *Lindley* v. *Union F. M. F. Ins. Co.,* 65 Me. 368; *Gale* v. *Belknap County Ins. Co.,* 41 N. H. 170; *Behrens* v. *Germania Fire Ins. Co.,* 64 Iowa, 19; *Equitable Fire & Accident Office, Limited,* v. *Ching Wo Hong,* 1907, A. C. 96), though with exceptions or limitations in some jurisdictions. (*Bigler* v. *New York Central Ins. Co.,* 22 N. Y. 402; *Landers* v. *Watertown Fire Ins. Co.,* 86 N. Y. 414; *Funke* v. *Minnesota Farmers' Mutual Fire Ins. Assn.,* 29 Minn. 347; *Slobodisky* v. *Phenix Ins. Co. of Hartford,* 52 Neb. 395; *Stevenson* v. *Phoenix Ins. Co.,* 83 Ky. 7; *Royal Ins. Co.* v. *McCrea, Maury & Co.,* 8 Lea [Tenn.], 531.)

In virtue of the finding of the jury the note and mortgages were usurious and were, therefore, as a matter of law void. (*Sabine* v. *Paine,* 223 N. Y. 401.) They were not effectual or enforcible contracts at or subsequent to the issuance of the policy. They did not at any time incumber the insured property. Such quality or characteristic is the creation of the statute: "All bonds, bills, notes, assurances, conveyances, all other contracts or securities whatsoever, except * * * whereupon or whereby there shall be reserved or taken, or secured or agreed to be reserved or taken, any greater sum, or greater value, for the loan or forbearance of any money, goods or other things in action, than is above prescribed, shall be void. Whenever it shall satisfactorily appear by the admissions of the defendant, or by proof, that any bond, bill, note, assurance, pledge, conveyance, contract, security or any evidence of debt has been taken or received in violation of the foregoing provisions, the court shall declare the same to be void, and enjoin any prosecution thereon, and order the same to be surrendered and cancelled." (General Business Law [Cons. Laws, chapter 20], §§ 370, 371, 373.) It is true that the term "void" is often used in statutes, contracts and judicial opinions when the term "voidable" would be more accurate and correct. Indiscriminate use has

in a considerable extent destroyed the real though not broad difference in their meanings. A void contract or act, in law, is from its inception null — a nothing — it cannot be ratified or confirmed and cannot be the subject of disaffirmance or election. Such quality or character, however, need not exist as to all persons or for all purposes; it may be void or a mere nullity as to some persons and for some purposes only. (*State* v. *Richmond,* 26 N. H. 232; *Blinn* v. *Schwarz,* 177 N. Y. 252; *Meridian Life Ins. Co.* v. *Dean,* 182 Ala. 127.) Things which are without validity until confirmed are also often said to be void. A contract or act which may be avoided or rendered null at the pleasure or choice of a party thereto is voidable, but not void until so rendered. In any given case we must ascertain the intent of the law which condemns the vitiating act. The effect the forbidden act may have on the contract depends upon the intent of the law which inhibits the act. It is a general rule of interpretation that contracts declared in terms void by statute because interdicted by law or by public policy are, in the correct and true meaning of the word, void. Such results may follow, in virtue of the legislative intent, without the statutory declaration. (*Laun* v. *Pacific Mutual Life Ins. Co.,* 131 Wis. 555; *Taenzer & Co.* v. *Chicago, Rock Island & P. Ry. Co.,* 191 Fed. Rep. 543; *Moss* v. *Cohen,* 158 N. Y. 240; *Village of Fort Edward* v. *Fish,* 156 N. Y. 363; *Swing* v. *Dayton,* 124 App. Div. 58; affd., on opinion below, 196 N. Y. 503; *Wilson* v. *Cook,* 256 Ill. 460; *Schurtz* v. *City of Grand Rapids,* 199 Mich. 20; *Ramsay* v. *Crevlin,* 254 Fed. Rep. 813.) Our decisions heretofore made declare beyond the need of further consideration or discussion that the statutes relating to usury enact that usurious contracts are void and not merely voidable. In *Sabine* v. *Paine* (223 N. Y. 401, 404), in which the question presented to us was, is an usurious promissory note

14

enforcible by a holder in due course, we decided that it was not, and said: "An instrument which a statute, expressly or through necessary implication, declares void, strictly speaking, is a *simulacrum* only. It is without legal efficacy. It cannot obligate a party or support a right. * * * The court is, under its (the statute's) command, to declare it void, enjoin prosecution of it and order it to be surrendered and cancelled, whenever satisfactory proof of its usurious character appears. It is a pretense and ineffectual as a source of obligation or of right."

The judgments should be reversed, the verdict reinstated and judgment rendered upon it for the plaintiff, with costs in all the courts.

HISCOCK, Ch. J., McLAUGHLIN and ANDREWS, JJ., concur with POUND, J.; HOGAN and ELKUS, JJ., concur with COLLIN, J.

Judgment affirmed.