O’NIELL, Chief Justice.
 

 ¡ The recorder, of mortgages has appealed from a judgment ordering him to cancel certain junior mortgages on property which the plaintiff bought at a sheriff’s sale in foreclosure of the senior mortgages held by him. These senior mortgages, on which the plaintiff foreclosed by executory proceedings, amounted to $9,000, less a credit of $409. He bought the property for $800, which was the last and highest bid; and, after paying the court costs, he retained the balance of the $800 in part payment of his mortgage notes. Thereafter the sheriff directed the recorder of mortgages to cancel the junior mortgages, but he declined to do so because there was a defect in the notice of seizure, which was recorded in his office, as part of the foreclosure proceedings on the senior mortgages. The defect in the notice of seizure was that the amount of the debt, for which the property was seized, was said to be $2,000, when in fact it was $9,000, less the credit of $400. For that reason the recorder of mortgages contends that the seizure and sale made in the executory proceedings on the senior mortgages was illegal.
 

 According to sections 3625-3629 of the Revised Statutes, seizures of real estate in the parish of Orleans and in the parish of Jefferson are accomplished by serving upon the party whose property is to be seized, and by recording in the office of the recorder of mortgages, a notice of seizure, stating the title and number of the suit, the name of the court from which the writ or order of seizure issued, the amount of the claim stated in the writ or order, and a description of the property to be seized. The serving and recording of such a notice has the effect of a seizure and taking of possession by the sheriff; and there is no necessity for appointing a keeper.
 

 But, in such a case, where there is no actual seizure, or taking of possession by the sheriff, the serving and the recording of the notice prescribed by section 3626 of the Revised Statutes are essential to the validity of the proceedings. Whiteside v. Lafayette Fire Insurance Co., 143 La. 675, 79 So.
 
 *723
 
 217. Therefore, if the defendant in the ex-ecutory proceedings, in this case, had complained of the defect in the recorded notice of seizure, he might have stopped the sale of his property; but he made no complaint of the error before the sale, and did not set up any defense to this proceeding to cancel the junior mortgages — in which proceeding he, personally, accepted service. So did all but two of the holders of the junior mortgages accept service of the rule to show cause why the mortgages should not be canceled; and the two mortgagees who did not accept service were served with a copy of the rule. None of them opposed the rule to cancel the mortgages. In fact, they had no right to complain of a defect in the notice of seizure, addressed to the defendant, unless they charged fraud or collusion between the plaintiff and defendant in the executory proceeding — particularly after the property was sold for a sum less than the amount stated in the recorded notice of seizure.
 

 The recorder of mortgages, in this ease, does not represent the defendant whose property was sold in the executory proceeding, and therefore has no right to set up a defense which no one else but the defendant was concerned with. Our conclusion is that the recorder of mortgages has performed well his duty to protect the mortgagees — and incidentally to protect himself — against a wrongful cancellation of the mortgages recorded in his office.
 

 The judgment is affirmed.
 

 ST. PAUL, J., absent.