# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2024-CA-00872-SCT

### *IN THE INTEREST OF L.L., A MINOR*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/20/2024 |
| TRIAL JUDGE: | HON. STACIE ELIZABETH ZORN |
| TRIAL COURT ATTORNEYS: | MICHAEL WILSON BRELAND |
| | JESSICA LYNN BATES |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY YOUTH COURT |
| ATTORNEY FOR APPELLANT: | JESSICA LYNN BATES |
| ATTORNEY FOR APPELLEE: | MICHAEL WILSON BRELAND |
| NATURE OF THE CASE: | CIVIL - JUVENILE JUSTICE |
| DISPOSITION: | APPEAL DISMISSED - 03/19/2026 |
| MOTION FOR REHEARING FILED: | |

**BEFORE RANDOLPH, C.J., ISHEE AND BRANNING, JJ.**

**BRANNING, JUSTICE, FOR THE COURT:**

¶1.     L.L.[1] appeals a restitution order from the youth court stemming from a three-count petition for delinquency that was confessed by L.L. Because the restitution order is not a final, appealable order, however, we dismiss the appeal for lack of jurisdiction.

## FACTS AND PROCEDURAL HISTORY

¶2.     On December 4, 2023, L.L. was charged with one count of commercial burglary and two counts of attempted commercial burglary arising out of a series of acts in Moss Point in the early morning hours of November 17, 2023. On December 20, 2023, the youth court conducted L.L.'s adjudication hearing, at which L.L. admitted all counts in the petition.

---

[1]Because this appeal involves a minor in a youth-court proceeding, the minor's initials are used to preserve the confidentiality of his identity.

¶3.     When asked by the court to explain the events of November 17, 2023, L.L. admitted being the "ringleader" that started the series of break-ins with two other minors.  He explained that they first broke into Kreol Elementary School and took an iPad that was later returned to the school. He then stated that they returned home and later went to Dollar General, where they attempted to break into the back door but were not able to get in. Finally, they went to Family Dollar, attempted to open the back door, but then left when the alarm was triggered. When asked about damage to the window at Dollar General, L.L. informed the youth court that neither he nor the other minors could be responsible for damage to the window because it was already "broke at the bottom" when they arrived.  The court continued to question L.L. about the window, but he repeatedly denied causing any damage. Ultimately, the youth court adjudicated L.L. guilty on all three counts but did not conduct the restitution hearing until months later.

¶4.     Immediately following the adjudication hearing, the court held a disposition hearing, at which the court ordered that L.L. be placed on probation for nine months, that he wear an ankle monitor for sixty days, that he receive sixty days' detention to be held in abeyance, and that he submit a two-page written report.  The court further ordered that the issue of restitution for the alleged damages to any of the affected businesses was to be held in abeyance. The court explained that if one of the businesses came forward with a claim, a subsequent restitution hearing would be noticed and held at that time.

¶5.     On April 23, 2024, Dollar General filed a restitution memo with the youth court, requesting $1,443.25 in restitution. Dollar General's memo included only an attachment of

an invoice for repair of the window. On May 7, 2024, the youth court held a restitution hearing, and Dollar General's area manager testified about the invoice. She admitted, however, that she had no personal knowledge of how the window was damaged. Following arguments on behalf of L.L. and Jackson County, the youth court agreed to take the restitution matter under advisement. On June 20, 2024, the youth court entered its restitution order, finding L.L. and his mother jointly and severally liable for restitution for damages to the Dollar General window in the amount of $481.04.[2] On July 22, 2024, L.L. filed his notice of appeal of the restitution order. Meanwhile, the youth court continued to exercise jurisdiction over L.L. because a disposition-review hearing occurred on September 10, 2024.

## STANDARD OF REVIEW

¶6.      This Court's scope of review in youth-court matters is limited. *In re Int. of S.B. v. State*, 566 So. 2d 1276, 1278 (Miss. 1990) (quoting *In re Int. of M.R.L.*, 488 So. 2d 788, 790-91 (Miss. 1986)). This Court considers all evidence "before the Youth Court in the light most favorable to the State." *Id.* (quoting *M.R.L.*, 488 So. 2d at 791). "If the evidence is such that, beyond a reasonable doubt, reasonable [minds] could not have reached the youth court's conclusion, we must reverse. However, if the evidence in the record supports the youth court's adjudication, considering the reasonable-doubt standard, then we must affirm." *In re Int. of S.M.K.S. v. Youth Ct. of Union Cnty.*, 155 So. 3d 747, 749 (Miss. 2015) (alteration in original) (quoting *In re Int. of S.M.K.S. v. Youth Ct. of Union Cnty.*, 155 So.

_____

[2]This amount is one-third of the total damages claimed by Dollar General because the youth court assessed the damages equally among the three minors involved.

3d 876, 878-89 (Miss. Ct. App. 2014)). But this Court still reviews any questions of law *de novo*. ***R.P. v. State (In re Int. of J.P. v. State)***, 151 So. 3d 204, 208 (Miss. 2014).

## DISCUSSION

¶7.     L.L. raises the following issues on appeal: (1) that the youth court erred by ordering restitution because the underlying counts for attempted commercial burglary were void for failure to contain the essential element of an overt act; and (2) that the evidence was insufficient to establish that L.L. caused damage subject to restitution. The State, however, challenges the timeliness of the appeal and therefore argues that this Court lacks jurisdiction to hear the appeal.

¶8.     This Court has appellate jurisdiction "from final orders or decrees of the youth court[.]" Miss. Code Ann. § 43-21-651(1)(a) (Supp. 2025).

> *Final Orders in youth court include orders that* grant durable legal custody or durable legal relative guardianship, transfer jurisdiction over the minor child to another court, such as for an adoption, or otherwise *terminate the jurisdiction of the youth court over the minor child. . . . Any* matters adjudicated by the youth court through *interim orders* such as adjudication/disposition orders, or permanency review orders, *may be only appealed through the interlocutory appeal process* provided by the Rules of Appellate Procedure.

*Id.* (emphasis added).

¶9.      L.L.'s notice of appeal indicates that L.L. appealed "the restitution order signed by the Youth Court Judge on June 20, 2024." But the restitution order did not terminate the jurisdiction of the youth court because the court held review hearings after the restitution order had been issued. L.L. filed a direct appeal of the restitution order rather than an interlocutory appeal under Section 43-21-651(1)(a).  Because the restitution order was not

a final, appealable order under Section 43-21-651(1)(a), this Court lacks jurisdiction of the appeal.

## CONCLUSION

¶10.    Because the restitution order is not a final, appealable order under Section 43-21-651(1)(a), this Court lacks jurisdiction of L.L.'s appeal.  Therefore, we dismiss the appeal.

¶11.    **APPEAL DISMISSED.**

**RANDOLPH, C.J., COLEMAN, P.J., ISHEE, GRIFFIS AND SULLIVAN, JJ., CONCUR. KING, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**